UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

RECEIVED-CLERK
U.S. DISTRICT COURT

2006 MAY 24  A 9: 12

---------------------------------------------x
EQUAL EMPLOYMENT OPPORTUNITY :
COMMISSION, :
: Civil Action No. 06-2371 (MLC)
Plaintiff, :
:
v. : **COMPLAINT**
:
BED BATH & BEYOND, INC., :
: **JURY TRIAL DEMAND**
Defendant. :
---------------------------------------------x

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of sex, and to provide appropriate relief to Melody Lavornia, who was adversely affected by such practices. As alleged with greater specificity below in paragraph seven (7), Plaintiff, the Equal Employment Opportunity Commission, alleges that Defendant, Bed Bath & Beyond, Inc. engaged in sex discrimination by taking adverse employment actions against Ms. Lavornia because of her pregnancy.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Sections 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e-5(f)(1) and (3) ("Title VII") and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. §1981a.

2. The alleged unlawful employment practices were committed within the jurisdiction of the United States District Court for the District of New Jersey.

## PARTIES

3. The Equal Employment Opportunity Commission (hereinafter "the Commission") is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. §§ 2000e-5(f)(1) and (3).

4. At all relevant times, Bed Bath & Beyond, Inc. (hereinafter "Defendant") has continuously been a company doing business in the State of New Jersey and the city of Bridgewater, and has continuously had at least fifteen (15) employees.

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701 (b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

6. More than thirty days prior to the institution of this lawsuit, Melody Lavornia filed a charge with the Commission alleging violations of Title VII by Defendant. All conditions precedent to the institution of this lawsuit have been fulfilled.

7. Since at least May 2005, Defendant has engaged in the following unlawful employment practices in violation of Section 703 of Title VII, 42 U.S.C. § 2000e-2:

    a. denying Ms. Lavornia modified work assignments which are afforded to non-pregnant employees with temporary disabilities; and

    b. placing Ms. Lavornia on an involuntary leave of absence for the duration of her pregnancy.

8. The effect of the practices complained of above has been to deprive Melody Lavornia of equal employment opportunities and otherwise adversely affect her status as an employee because of her sex.

9. The unlawful employment practices complained of above were and are intentional.

10. The unlawful employment practices complained of above were and are done with malice or with reckless indifference to the federally protected rights of Melody Lavornia.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with them, from engaging in employment practices which discriminate on the basis of sex.

B. Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for women and which eradicate the effects of Defendant's past and present unlawful employment practices.

C. Order Defendant to make whole Melody Lavornia by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including, but not limited to, front pay and reinstatement.

D. Order Defendant to make whole Melody Lavornia by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above, in amounts to be determined at trial.

E. Order Defendant to make whole Melody Lavornia by providing compensation for past and future non-pecuniary losses resulting from the unlawful practices complained of above, including pain, suffering and humiliation, in amounts to be determined at trial.

F. Order Defendant to pay Melody Lavornia punitive damages for Defendant's malicious and reckless conduct described above, in amounts to be determined at trial.

G. Grant such further relief as the Court deems necessary and proper in the public interest.

H. Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

Respectfully submitted,

James L. Lee
Deputy General Counsel

Gwendolyn Y. Reams
Associate General Counsel

*[signature]*
Elizabeth Grossman
Regional Attorney

*[signature]*
Lisa D. Sirkin
Supervisory Trial Attorney

*[signature]*
Adela Santos
Trial Attorney

New York District Office
33 Whitehall Street, 5th Floor
New York, NY 10004-2112
(212) 336-3695
(212) 336-3623 (facsimile)
adela.santos@eeoc.gov